Matthew M. Levy, J.
The application by the landlord for the hardship rent increase here was filed on June 18, 1958. The order of the Local Bent Administrator was issued February 26, 1959, effective as of August 26, 1958. The State Rent Administrator issued its order on June 19, 1959, which order modified the Local Rent Administrator’s order in that it effectuated the rent increase as of September 1, 1958. (See State Rent and Eviction Regulations of Temporary State Housing Rent Commission, § 33, subd. 5, par. e.)
The only question in this matter that gave me pause was the contention of the petitioner that the Rent Administrator had no power to grant the landlord an increase effective retroactively. On study, I find that there is such power. The statute provides, in its applicable portion, as follows: “No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued, if such order is issued within two months after the date of the filing of the application for the increase or decrease. In the event such order is not issued within such two-month period, it shall become effective as of the date two months subsequent to the date of the filing of such application or six months prior to the date of its issuance, whichever period is shorter.” (L. 1957, ch. 155; see Matter of Neulist v. Weaver, 2 N Y 2d 889.)
It is provided in another section of the law that “ [n]o landlord shall be entitled to any increase in the maximum rent unless he certifies that he is maintaining all essential services furnished or required to be furnished as of the date of the issuance of the order adjusting the maximum rent.” (L. 1955, ch. 685.) There has been such certification here, and it has been found by the commission to be the fact.
As recently put by the Court of Appeals, the Administrator “ no doubt has discretion to deny retroactivity in a case where services were seriously deficient” (Matter of Ackerman v. Weaver, 6 N Y 2d 283, 287). I therefore undertook a study of the voluminous record to ascertain whether there was an abuse of discretion in the case at bar. I found none.
All of the interested parties presented their case in detail. The gathering of relevant data was full and complete. Personal physical inspection of the premises was made by the Administrator’s representative. The Administrator found that the *686 landlord is maintaining all essential services. Whatever defects there were do not appear to be serious, and have been remedied.
The statute further requires that the landlord also certify that “he will continue to maintain such services so long as the increase in such maximum rent continues in effect. ’ ’ (L. 1955, ch. 685.) This certification has been duly filed, and, as further protection to the tenants, the order complained of was issued without prejudice to their right to apply for decreases in the event the landlord fails to continue to maintain essential services.
In the circumstances, there is no basis upon which I may hold that the findings and determination of the respondent were arbitrary, capricious or contrary to law (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1, 3; Matter of Everly v. Weaver, 7 Misc 2d 965, 976-977). In consequence, the motion is denied and the petition is dismissed.